IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                Criminal No. 3:17-CR-63 (TJM)

v.

JESSICA CRANDALL,

        Defendant.

## GOVERNMENT'S FIRST TRIAL MEMORANDUM

### The Indictment

The United States of America, by Assistant United States Attorney Miroslav Lovric for the Northern District of New York, files this First Trial Memorandum in furtherance of the upcoming trial of Jessica Crandall.

On March 17, 2017, a federal grand jury filed an indictment against defendants Justin Crandall and Jessica Crandall. Both Jessica Crandall and Justin Crandall are charged in counts 1-6 of the indictment. As to defendant Justin Crandall, the grand jury also filed a count 7. Defendant Justin Crandall has pleaded guilty pursuant to a plea agreement. Jessica Crandall has pleaded guilty to counts 1 & 5 of the indictment and has declined to enter into a plea agreement. She is proceeding to trial on counts 2, 3, 4, & 6 of the indictment. The indictment as filed reads as follows:

On March 17, 2017, a federal grand jury filed an indictment against defendant Justin Crandall and Jessica Crandall. As to defendant Justin Crandall, the grand jury filed a 7 count indictment. The indictment as filed reads as follows:

COUNT 1
[Conspiracy to Sexually Exploit a Child]

From in or about November of 2016 through on or about February 13, 2017, in Delaware County, in the Northern District of New York, defendants JUSTIN CRANDALL and JESSICA CRANDALL conspired with each other to use V-1, a minor born in 2015 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing one ore more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, where such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where at least one such visual depiction was actually transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e).

COUNTS 2 - 6
[Sexual Exploitation of a Child]

On or about the dates listed below, in Delaware County, in the Northern District of New York, defendants JUSTIN CRANDALL and JESSICA CRANDALL, used V-1, a minor born in 2015 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing one ore more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, and where such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting such commerce by any means, including by computer, and where at least one such visual depiction was actually transmitted using any means and facility of interstate and foreign commerce

and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e) and 2(a).

| Count | Date | Minor |
|---|---|---|
| 2 | January 16, 2017 | V-1, a minor child born in 2015 |
| 3 | January 30, 2017 | V-1, a minor child born in 2015 |
| 4 | February 1, 2017 | V-1, a minor child born in 2015 |
| 5 | February 6, 2017 | V-1, a minor child born in 2015 |
| 6 | February 7, 2017 | V-1, a minor child born in 2015 |

COUNT 7
[Distribution of Child Pornography]

On or about February 9, 2017, in Delaware County, in the Northern District of New York, defendant JUSTIN CRANDALL, knowingly distributed child pornography, using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that the defendant sent a text message to Individual A, a person whose identity is known to the grand jury, by using the Internet and a cellular telephone containing a graphic image file depicting V-1 engaged in sexually explicit conduct, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) & (b)(1).

FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of one or more offenses in violation of Title 18, United States Code, Sections 2251 or 2252A, the defendants, JUSTIN CRANDALL and JESSICA CRANDALL, shall forfeit to the United States of America any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

      a.      One black colored Samsung Cellular Telephone with SD card, Model #: SM-S120VL, Serial #: GPSAS120VCB, IMEI #: 359259071509110.

    3.    If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

**The Facts**

On February 11, 2017, the New York State Police (NYSP) received a complaint from B.K. in which he reported he had received an image of a minor child engaged in a sexual act via the Google Voice Text Messaging Service on February 8, 2017 or February 9, 2017. B.K. told the NYSP that he received this image from an old acquaintance of his named JUSTIN D. CRANDALL from the cellular telephone number (XXX) XXX-5582. B.K. told the NYSP that JUSTIN CRANDALL'S cell phone was (XXX) XXX-5582 and that CRANDALL communicated with him using that cell phone and sent that image from that cell phone to B.K. B.K. described the image as an erect male's uncircumcised penis resting on the face of a minor female in which the minor female's hand was holding the male's penis. B.K. told the NYSP that

he believed the erect male's uncircumcised penis depicted in the image was JUSTIN D. CRANDALL'S penis since he and JUSTIN D. CRANDALL exchanged several naked images of themselves from the waist down over the last two years.  B.K. stated that he did not recognize the minor female depicted in the image but told the NYSP that the minor female depicted in the image had blonde hair and appeared to be approximately between the ages of 3 and 8.

After receiving this image of this minor from JUSTIN D. CRANDALL, B.K. told the NYSP that he became concerned for the safety of the minor female depicted in the image.  B.K. told the NYSP that he recalled having text message conversations with JUSTIN D. CRANDALL in January 2017 during which JUSTIN D. CRANDALL told him that he had a "little whore" he was in the process of training.  During these conversations, JUSTIN D. CRANDALL told B.K. that his wife babysat for the "little whore."  JUSTIN D. CRANDALL informed B.K. he was trying to get "her" to open her mouth and perform oral sexual contact on JUSTIN D. CRANDALL'S penis.  In addition, JUSTIN D. CRANDALL described how he had ejaculated on "her" face and had attempted vaginal sexual intercourse on "her."  JUSTIN D. CRANDALL reported to B.K. that "she" was too tight to insert his penis all the way into "her" vagina but far enough to insert just the head of his penis into "her" vagina and ejaculate.  B.K. told the NYSP that these communications with  JUSTIN D. CRANDALL occurred over JUSTIN D. CRANDALL's cell phone (XXX) XXX-5582.

Besides these sexual activities, JUSTIN D. CRANDALL told B.K. that he was trying to "whore her out."  At that time, JUSTIN D. CRANDALL asked B.K. to locate a "creepy old man who might be into that kind of thing and has a bunch of money."  B.K. told the NYSP that he was not sure who "her" and "she" was throughout these text message conversations with defendant.  At first, B.K. believed JUSTIN D. CRANDALL was describing a sexual fantasy or

an old ex-girlfriend who was willing to engage in sexual activities.  However, after observing the image JUSTIN D. CRANDALL sent via his cell phone to B.K. of the minor female, B.K. then believed JUSTIN D. CRANDALL was describing the minor female depicted in the image throughout their conversation in January 2017.

  Following the interview with B.K., B.K. provided the New York State Police written consent to conduct a search of his Hewlett-Packard (HP) Pavilion Elite desktop computer.  B.K. told the NYSP that the text messaging conversations and the image of the minor female sent by JUSTIN D. CRANDALL via defendant's cell phone were still preserved within the Google Voice software on B.K.'s computer.  After obtaining written consent, members of the New York State Police reviewed these text messaging conversations between JUSTIN D. CRANDALL and B.K., which occurred over JUSTIN D. CRANDALL's cell phone, and also the image of the minor female as sent by JUSTIN D. CRANDALL via his cell phone, and as described by B.K. during his interview.  The New York State Police were able to confirm the content and nature of the text message conversations between B.K. and JUSTIN D. CRANDALL as well as the image of the minor child sent by JUSTIN D. CRANDALL via his cell phone.  The New York State Police documented these text messages and the image of the minor child with digital photography before seizing B.K.'s HP Pavilion Elite desktop computer for forensic extraction and analysis.

  After speaking with B.K. on February 11, 2017, the New York State Police applied for a search warrant to search the residence of JUSTIN D. CRANDALL and his wife, JESSICA L. CRANDALL, at 240 Bird Avenue Sidney, New York 13838.  Upon arriving at this residence, law enforcement knocked on the house door and waited until JESSICA CRANDALL answered and opened the door.  At no time did law enforcement make entry into this residence prior to

JESSICA CRANDALL answering and opening the door to this residence.  After JESSICA CRANDALL answered and opened the door to the house, law enforcement identified themselves to her and informed her that they had a search warrant to search the residence.  JESSICA CRANDALL was cooperative with law enforcement.  After identifying themselves as law enforcement and after JESSICA CRANDALL had opened and answered the residence door, law enforcement then entered the residence in an orderly fashion to conduct their search of the residence.

Shortly thereafter JUSTIN D. CRANDALL arrived home in a vehicle driven by JUSTIN CRANDALL.  He parked/stopped his vehicle on the street near the residence.  Law enforcement officers approached him and the vehicle that he drove.  JUSTIN CRANDALL was taken into custody.  During this contact, the New York State Police observed in plain view in the vehicle JUSTIN CRANDALL's black colored cellular telephone, further identified as a Samsung Cellular Telephone, Model #: SM-S120VL, IMEI #: 359259071509110.  The NYSP retrieved his cell phone that was in plain view inside the vehicle and secured it.  When the cell phone was eventually searched pursuant to a separate search warrant, recovered from the cell phone were videos and images showing JUSTIN CRANDALL and JESSICA CRANDALL sexually torturing and sexually molesting the 17 month old child.

JUSTIN D. CRANDALL voluntarily agreed to be interviewed and was transported to the New York State Police, Sidney Station, located in Sidney, New York.  After being advised of his Miranda Warnings and Rights, JUSTIN D. CRANDALL waived his rights and voluntarily provided the following information in a video/audio recorded interview:

1. During the course of the interview, the New York State Police explained to JUSTIN D. CRANDALL some of the sexually implicit text messages

provided by B.K. which JUSTIN D. CRANDALL had sent to him. JUSTIN D. CRANDALL told the NYSP that he recently took and sent the image of his erect penis resting on the face of his neighbor's minor female child via text message over his cell phone. JUSTIN D. CRANDALL admitted and confirmed that the minor female child's hand was touching his erect penis in the image that he sent via his cell phone to B.K. Although JUSTIN D. CRANDALL claimed he did not know the name of the minor female child depicted in the image, JUSTIN D. CRANDALL told the NYSP that the minor female child's mother was named (he provided her first name) and they lived next door to him and his family. JUSTIN D. CRANDALL confessed that his cellular telephone, identified as a Samsung cellular telephone, contained three images of the minor female child. Besides the minor female child, JUSTIN D. CRANDALL reported his cellular telephone may contain other images of his youngest daughter unclothed, images he took because his daughter was gaining weight.

2. JUSTIN D. CRANDALL confessed and admitted that he touched the minor female child in a sexual manner when he was under the influence of methamphetamine. Specifically, when asked if he had engaged in "sex" with the minor female child, JUSTIN D. CRANDALL asked to define the term, "sex." When provided with a definition, JUSTIN D. CRANDALL denied placing his penis inside of the minor female child's mouth or vagina and ejaculating on the minor female child, but instead confessed

that he placed his penis on the top of the minor female child's vaginal area.

On February 12, 2017, the New York State Police interviewed the mother of the victim minor female child-----the minor female child that JUSTIN CRANDALL photographed using his cell phone as he placed his erect penis on the mouth of the female minor child, and then sent that image via texting using his cell phone to B.K. (the image that the NYSP recovered on B.K.'s digital device). The mother informed the NYSP that her minor female child was approximately 17 Months old during the time that JUSTIN CRANDALL AND JESSICA CRANDALL sexually tortured and sexually molested her daughter. The mother told the NYSP that JESSICA L. CRANDALL and her husband JUSTIN D. CRANDALL began babysitting the 17 month old victim on Monday evenings after the Thanksgiving holiday in November 2016 and they continued to do so up until February 11, 2017.

The mother told the NYSP that recently she noticed some changes in the 17 month old's behavior. The mother stated that the 17 month old victim tended to cling more to her when she dropped off the child at JUSTIN and JESSICA CRANDALL'S residence, and especially when JUSTIN D. CRANDALL was present. In addition, the mother recently noticed an unexplained mark, similar to a scratch, on the 17 month old's right cheek and a bite mark on her left arm. When the mother picked up her daughter from JUSTIN and JESSICA CRANDALL'S residence, she noticed the injuries and concealing makeup on her daughter's face. When the mother asked JESSICA L. CRANDALL what occurred, JESSICA L. CRANDALL responded that her son had bit the 17 month old in the arm and threw something at her face.

9

In addition to these injuries, the mother told the NYSP that she uncovered several other bruises or marks on the 17 month old's body in places such as her head, the upper thigh of her right leg, her left upper thigh, and her butt. The mother advised that she was extremely upset and immediately contacted JESSICA L. CRANDALL. JESSICA L. CRANDALL'S tone was very defensive and she informed the mother that she treated the 17 month old minor female as one of her own children.

Lastly, the mother told the NYSP that in the past couple of days the 17 month old child had been wetting her diapers at a greater frequency and had showed some defiance and discomfort when trying to wipe her daughter's vaginal and anal areas. The mother told the NYSP that her daughter now tightly clenched her legs together when she produced fecal matter making it very extremely difficult to clean the 17 month old child's anal area appropriately. The mother told the NYSP that she sensed it was almost as if the 17 month old child did not want anyone touching her private areas at all.

On February 13, 2017, JUSTIN D. CRANDALL'S wife, JESSICA L. CRANDALL, was contacted by the New York State Police and agreed to be interviewed at the New York State Police, Sidney Station, in connection with the investigation. After being advised of her Miranda Warnings and Rights, JESSICA L. CRANDALL waived her rights and voluntarily provided the following information during a video/audio recorded interview:

JESSICA CRANDALL told the NYSP that beginning in or around December of 2016, JUSTIN D. CRANDALL and JESSICA CRANDALL engaged in repeated sexual activities with their neighbor's minor female child, the 17 month old female child, while JESSICA L. CRANDALL and JUSTIN D. CRANDALL babysat the child at their residence located in

Sidney, New York.  JESSICA L. CRANDALL told the NYSP that the sexual abuse began when JUSTIN D. CRANDALL attempted to place his penis into the 17 month old child's mouth.

JESSICA L. CRANDALL told the NYSP that on January 2, 2017 JUSTIN D. CRANDALL attempted to place his penis in the 17 month old child's mouth and then spat on her.  Since he could not insert his penis into her mouth, JUSTIN D. CRANDALL attempted to place his penis inside the 17 month old child's vagina after he spat on his erect penis as well as the child's vagina for lubrication.  JESSICA L. CRANDALL told the NYSP that JUSTIN D. CRANDALL was unable to place his penis inside of the 17 month old child's vagina because the child was clenching her legs in pain and discomfort.  JESSICA L. CRANDALL further told the NYSP that she watched these activities as they occurred and she masturbated as JUSTIN CRANDALL did these things to the 17 month old child.  JESSICA L. CRANDALL also told the NYSP that she watched JUSTIN D. CRANDALL as he masturbated and then ejaculated on the 17 month old child's stomach area.

JESSICA L. CRANDALL told the NYSP that on January 23, 2017, JUSTIN D. CRANDALL bound JESSICA's legs with a sheet and her hands with Velcro straps from his toolbox.  JESSICA L. CRANDALL also described how JUSTIN D. CRANDALL then also bound the 17 month old child's arms in the same fashion with Velcro, while she lay on the other side of their bed.  JESSICA L. CRANDALL confessed that she performed oral sexual contact on JUSTIN D. CRANDALL while he "moved back and forth" between the 17 month old child and JESSICA L. CRANDALL.  When JUSTIN D. CRANDALL moved toward the 17 month old child's position on the bed, JESSICA L. CRANDALL described how JUSTIN D. CRANDALL struck the child in the head with his erect penis on approximately three separate occasions before JUSTIN instructed JESSICA L. CRANDALL to suck on his erect penis until he climaxed.

JESSICA CRANDALL further described how after being untied, JESSICA L. CRANDALL went into the bathroom to clean herself up at JUSTIN D. CRANDALL'S request. A short time later, JUSTIN D. CRANDALL entered the bathroom carrying the 17 month old child and then placed the child in the bathtub. JUSTIN D. CRANDALL then ordered JESSICA L. CRANDALL to clean up the 17 month old child and so JESSICA L. CRANDALL gave the child a bath.

JESSICA L. CRANDALL also told the NYSP that on February 6, 2017 she observed a flea or bug in the 17 month old child's hair so she placed mayonnaise in the child's hair as a home remedy. JESSICA L. CRANDALL stated that JUSTIN D. CRANDALL took a spoonful of mayonnaise and threw it on the 17 month old child and directed JESSICA L. CRANDALL to rub mayonnaise over the child's body. While JESSICA L. CRANDALL was rubbing the mayonnaise on the child's body, JESSICA L. CRANDALL told the NYSP that she observed JUSTIN D. CRANDALL rubbing his penis over his clothes. JESSICA L. CRANDALL stated that she believed JUSTIN D. CRANDALL was sexually aroused while watching JESSICA L. CRANDALL place mayonnaise on the child's body. JESSICA L. CRANDALL observed JUSTIN D. CRANDALL take a digital photograph of the 17 month old child covered in mayonnaise with his cellular telephone.

JESSICA L. CRANDALL told the NYSP that also on February 6, 2017 JUSTIN D. CRANDALL performed oral sexual contact on her and then placed the 17 month old child's head in her vaginal area for a period of approximately thirty seconds to one minute. JESSICA L. CRANDALL stated that she felt the child's nose touch her buttocks as JUSTIN D. CRANDALL pushed the child's face into JESSICA L. CRANDALL'S vagina. JESSICA L. CRANDALL also stated that while the child's head was in her vaginal area, JUSTIN D. CRANDALL told her to

look up and say "cheese" as he took a digital photograph using his cellular telephone of the 17 month old child situated between JESSICA L. CRANDALL'S spread legs.

JESSICA L. CRANDALL told the NYSP that she knew the child sexual abuse of the 17 month old child was wrong. JESSICA L. CRANDALL stated that she tried not to orgasm during the sexual activities involving the child. JESSICA L. CRANDALL informed the NYSP that she allowed the child sexual abuse to occur because JUSTIN D. CRANDALL paid more sexual attention to her when the 17 month old child was involved.

In addition to the sexual abuse of the child, JESSICA L. CRANDALL told the NYSP that JUSTIN D. CRANDALL also engaged in physical abuse on some occasions. During the first occasion, JESSICA L. CRANDALL stated that JUSTIN D. CRANDALL bit the child when she would not stop crying. On the second occasion, JUSTIN D. CRANDALL pushed the child and she hit her chin on a stand in the bedroom of their residence. JESSICA L. CRANDALL stated that the child developed a small bruise on her face. JUSTIN D. CRANDALL told JESSICA L. CRANDALL take care of the bruise. As a result, JESSICA L. CRANDALL placed cosmetic makeup on the child's face in order to conceal the extent of the injury. JESSICA L. CRANDALL and JUSTIN D. CRANDALL were concerned that the child's mother would locate the injury to the child's face and ask questions.

## **CONCLUSION**

The government respectfully reserves the right to supplement this filing as needed in the future.

Date: November 15, 2017        Sincerely,

GRANT C. JAQUITH
Acting United States Attorney

*Miroslav Lovric*
Assistant U.S. Attorney

CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on November 15, 2017, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case.  The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Assistant U.S. Attorney