IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:17-CR-63 (TJM) |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JESSICA CRANDALL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S PRE-TRIAL MEMORANDUM
ON ASSET FORFEITURE ISSUES**

The United States of America, by its counsel, submits this memorandum on the procedures governing the forfeiture of property in a criminal case, to assist the court and counsel for the defendants in the upcoming trial.

In the event the defendant is found guilty of one or more counts in Indictment 17-CR-63, the government will seek the forfeiture of the following:

1. Samsung cellular telephone with SD card, Model#: SM-S120VL, Serial#: GPSAS120VCB, IMEI#: 359259071509110.

Forfeiture issues will not be considered until and unless the jury returns a guilty verdict as to one or more of the counts giving rise to the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(1). In that event, the Court must determine whether the government has established the requisite nexus between the property subject to forfeiture and the offense(s) of conviction, and/or the amount of a money judgment to be entered against the defendants. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record and on any additional evidence or information submitted by the parties. Fed. R. Crim. P. 32.2(b)(1)(B). The Federal Rules of Evidence do not apply in the forfeiture phase of the trial. *See* Fed. R. Evid. 1101(d)(3) (the federal

1

evidentiary rules, except for those on privilege, do not apply to sentencing proceedings); *United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (Fed. R. Crim. P. 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible).

The government's burden is to establish the forfeitability of the property by a preponderance of the evidence. *See United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) (the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence.); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) (because forfeiture is part of sentencing, and fact-finding at sentencing is established by a preponderance of the evidence, the preponderance standard applies to criminal forfeiture); *see also United States v. Gaskin*, 354 F.3d 438, 461-62 (2d Cir. 2004) (following *Bellomo*).

Generally, the forfeiture determination is made by the court, not the jury. *See* Fed. R. Crim. P. 32.2(b)(1)(A). The rule, however, gives defendants the right to have the jury retained to determine the forfeiture to the extent that the government is seeking the forfeiture of specific assets on the theory that they were directly involved in, or traceable to, the offense(s) of conviction. Fed. R. Crim. P. 32.2(b)(5). The court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict. Fed. R. Crim. P. 32.2(b)(5)(A). The purpose of that provision, which was added to Rule 32.2 in 2009, is to allow the court and the jurors to plan their calendars, and to allow the government time to prepare special verdict forms and jury instructions, or conversely, to save the court and the government the judicial resources that would be wasted making such

preparations if the defendants intend to waive the jury.  *See* Advisory Committee Note to 2009 Amendment to Subdivision (b)(5)(A)[1].  If defendants fail to make a timely request to have the jury retained, their right to do so is waived.  *See United States v. Nichols*, 429 Fed. Appx. 355, 356 (4th Cir. 2011) ("although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right," citing Fed. R. Crim. P. 32.2(b)(5)).

Accordingly, in this case, the government will be asking the court to enter an order of forfeiture for the asset listed above and will be prepared to establish the forfeitability of the listed asset by a preponderance of the evidence.  The government also respectfully requests that the court inquire of the defendants, at the time the jury is empaneled, whether they will be invoking their limited right under Rule 32.2(b)(5) to have the jury retained.

Dated:  November 15, 2017            GRANT C. JAQUITH
                                     Acting United States Attorney

                            By:      */s/Miroslav Lovric*
                                     Miroslav Lovric
                                     Assistant United States Attorney
                                     Bar Roll No.301490

---

[1] The Advisory Committee Note provides, in pertinent part:

> Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of service.

CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on November 15, 2017, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Assistant U.S. Attorney