IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    3:17-CR-63  (TJM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JESSICA CRANDALL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S FIRST SENTENCING MEMORANDUM**

<u>Introduction</u>

The government hereby files its first sentencing memorandum in connection with sentencing currently scheduled for July 25, 2018.  We respectively reserve the right to file supplemental memoranda in order to address or respond to any issues that arise in the future.

<u>The Indictment</u>

On March 17, 2017, a federal grand jury filed an indictment against defendants JUSTIN CRANDALL and JESSICA CRANDALL.  As to defendant JESSICA CRANDALL, the grand jury filed a 6 count indictment.  The indictment, as filed, reads and charges as follows:

> COUNT 1
> [Conspiracy to Sexually Exploit a Child]
>
> From in or about November of 2016 through on or about February 13, 2017, in Delaware County, in the Northern District of New York, defendants JUSTIN CRANDALL and JESSICA CRANDALL conspired with each other to use V-1, a minor born in 2015 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing one ore more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, where such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where at least one such visual depiction was actually transmitted using any means and facility of interstate and foreign commerce and in

and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e).

COUNTS 2 - 6
[Sexual Exploitation of a Child]

On or about the dates listed below, in Delaware County, in the Northern District of New York, defendants JUSTIN CRANDALL and JESSICA CRANDALL**,** used V-1, a minor born in 2015 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing one ore more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, and where such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting such commerce by any means, including by computer, and where at least one such visual depiction was actually transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e) and 2(a).

| Count | Date | Minor |
|-------|------|-------|
| 2 | January 16, 2017 | V-1, a minor child born in 2015 |
| 3 | January 30, 2017 | V-1, a minor child born in 2015 |
| 4 | February 1, 2017 | V-1, a minor child born in 2015 |
| 5 | February 6, 2017 | V-1, a minor child born in 2015 |
| 6 | February 7, 2017 | V-1, a minor child born in 2015 |

The indictment also contains a forfeiture allegation alleging forfeiture as to both defendants.

The Plea

On October 27, 2017, the defendant entered a plea of guilty to Counts 1 and 5 of Indictment 3:17-CR-63 without a plea agreement.  A jury trial on the remaining counts was scheduled for November 27, 2017.  However, on November 22, 2017, pursuant to a written plea agreement with the government, the defendant entered an additional plea of guilty to Count 2.  Defendant also admitted to the forfeiture allegation as specified in the indictment.  The defendant and the government have entered into a written plea agreement, pursuant to Rule

11(c)(1)(A) of the Federal Rules of Criminal Procedure.  The plea agreement was filed with the Court.

The Facts

The facts as summarized herein are not in dispute.  They fairly and accurately describe the horrific crimes and acts as committed by defendant JESSICA CRANDALL and her co-defendant JUSTIN CRANDALL.  Defendant affirmatively admitted these facts during her plea allocution in court as well as in her signed written plea agreement.

In 2016 and 2017, defendant JESSICA CRANDALL and her husband, JUSTIN CRANDALL, resided in Sidney, New York (Delaware County).  Starting around the Thanksgiving holiday in November of 2016 and then continuing through and until February 11, 2017, JESSICA CRANDALL and her husband JUSTIN CRANDALL provided day care for a 17 month old female child (hereinafter Victim).  They provided day care at their residence for the 17 month old female child on a weekly basis and on one or more days per week.  While providing day care to the Victim, the Victim minor was at all times in the custody, control and direct care of both JESSICA CRANDALL and/or her husband JUSTIN CRANDALL.

JESSICA CRANDALL and her husband JUSTIN CRANDALL conspired, combined, worked together and came to a mutual understanding that while providing day care at their residence for the 17 month old child victim, they would use the Victim minor to engage in sexually explicit conduct for the purpose of producing one or more videos and images of such conduct and JUSTIN CRANDALL would use a Samsung Cellular Telephone with SD card in order to produce videos and images of the sexually explicit conduct.   In fact, and on multiple occasions during this time period, JUSTIN CRANDALL used that Samsung cellular telephone to actually produce several videos and several images, as described below, depicting the Victim minor being used by

the CRANDALLS and/or JUSTIN CRANDALL to engage in sexually explicit conduct at their residence.

While the 17 month old Victim was in the custody and control of JESSICA CRANDALL and JUSTIN CRANDALL, JUSTIN CRANDALL used that Samsung cellular telephone to actually produce several videos and several images at their residence depicting the Victim minor being used by the CRANDALLS and/or JUSTIN CRANDALL to engage in sexually explicit conduct.  These videos and images, as were located, recovered and retrieved by the FBI from that Samsung cellular telephone with SD card, and some of these videos and images are described as follows:

(1)      A video charged in Count 2 of the indictment was located on the Samsung cellular telephone SD card in a folder named "My fat dick or nude pics".  In this video, the 17 month old Victim can be seen seated on the toilet in a bathroom at JUSTIN and JESSICA CRANDALL'S residence.  She is wearing a diaper but has no shirt covering her breast area. JUSTIN CRANDALL can be observed forcing his uncircumcised penis into the Victim's mouth on two occasions.  The Victim, using her hands, forcibly pushes JUSTIN CRANDALL'S penis away from her mouth area.  JUSTIN CRANDALL can then be overheard asking the Victim, "Do you like the taste of the "D" (a reference to his penis).  The Victim is clearly upset, crying, and breathing heavy.  Her eyes are wide open in fear.  She can be overheard whimpering as well.  JUSTIN CRANDALL then called the Victim "…you little fucking twat." JUSTIN CRANDALL then spits on the Victim's forehead.  JUSTIN CRANDALL can then be heard saying, "Daddy, help me" several times, along with "…help me." JUSTIN CRANDALL then uses his finger to strike the Victim around

4

her mouth area.  JUSTIN CRANDALL then uses his entire hand to slap the Victim across her mouth and lower face area.  JUSTIN CRANDALL then choked the neck area of the Victim with his hand causing her to have trouble breathing.  JUSTIN CRANDALL then told the Victim that he is going to "choke the fucking life out of you."  JUSTIN CRANDALL then pinched the Victim's one cheek extremely hard, which caused the Victim to squirm, close her one eye, and grimace in pain and discomfort.  JUSTIN CRANDALL then spat on the Victim a second time during the video. At the end of the video file, JUSTIN CRANDALL removed his uncircumcised penis from the fly of his pants.  JUSTIN CRANDALL then strokes his penis in front of the Victim while calling the Victim's name and asking her to follow him out of the bathroom.  JESSICA CRANDALL denies participating in the creation or having knowledge of the creation of this specific video, but admits that the description of the video is accurate, and that she is legally responsible for its creation.

(2)     Also located and retrieved from the Samsung cellular telephone were 12 (twelve) images of the 17 month old Victim and where the images show JUSTIN CRANDALL'S penis resting on, next to, or placed on the Victim's face, and all of which show his penis near her mouth area.  JUSTIN CRANDALL'S face and penis are both visible in two (2) of those images along with the Victim's face.  One of these images is in fact the image that JUSTIN CRANDALL sent via text to Witness1 (as described further below).

(3)     A video charged in Count 5 of the indictment was located on the Samsung cellular telephone SD card.  In this video, the 17 month old Victim can be seen

seated on the floor being covered with mayonnaise by JESSICA CRANDALL using a large spoon.  The victim is covered all over her body from head to toe with mayonnaise.   JESSICA CRANDALL can be seen forcing the spoon near the victim's mouth.   JUSTIN CRANDALL is believed to be filming the video. JUSTIN CRANDALL gets verbally excited when JESSICA CRANDALL forced the mayonnaise near the 17 month old victim's vaginal area.   JESSICA CRANDALL can be overheard saying to the victim, "that's how you are going to bed."  JUSTIN CRANDALL can be seen tying the 17 month old victim's hands together with a stretchy car style bungee cord while JESSICA CRANDALL can be seen holding up the victim's back and propping the victim forward.   JUSTIN CRANDALL can then be seen using a long, thin wooden dowel to hit the 17 month old victim in the face and upper leg area near the victim's vaginal area.  The 17 month old victim is seen shaking uncontrollably during this video and is crying.

On February 11, 2017, JUSTIN CRANDALL was interviewed by the New York State Police (NYSP).  After being advised of his Miranda warnings and rights, JUSTIN CRANDALL waived his rights and voluntarily provided the following information in a video & audio recorded interview:

(1)    JUSTIN CRANDALL told the NYSP that he recently produced an image of his erect penis resting on the face of the Victim minor (17 month old female minor) and that he then sent/distributed that image to a friend of his (hereinafter Witness1) via text message using his Samsung cellular telephone.  JUSTIN CRANDALL admitted and confirmed that the Victim minor's hand was touching

his erect penis in the image that he produced and sent to Witness1 via his cellular telephone.

(2)     JUSTIN CRANDALL admitted that his cellular telephone, identified as a Samsung cellular telephone, contained several sexually explicit images of the Victim minor that were produced by defendant.

(3)     JUSTIN CRANDALL admitted that he touched the Victim minor in a sexual manner.  JUSTIN CRANDALL admitted that he placed his penis on the top of the minor female child's vaginal area.

(4)     JESSICA CRANDALL does not dispute JUSTIN CRANDALL made these statements to the New York State Police.

On February 13, 2017, JESSICA CRANDALL was interviewed by the NYSP.  After being advised of her Miranda warnings and rights, JESSICA CRANDALL waived her rights and voluntarily provided the following information during a video & audio recorded interview:

(1)     JESSICA CRANDALL told the NYSP that beginning in or around December of 2016, JUSTIN CRANDALL and JESSICA CRANDALL engaged in repeated sexual activities with the Victim, the 17 month old female child, while JESSICA CRANDALL and JUSTIN CRANDALL provided day care for the child at their residence located in Sidney, New York.  JESSICA CRANDALL told the NYSP that the sexual abuse began when JUSTIN CRANDALL attempted to place his penis into the 17 month old child's mouth.

(2)     JESSICA CRANDALL told the NYSP that on January 2, 2017 JUSTIN CRANDALL attempted to place his penis in the 17 month old child's mouth and then spat on her.  Since he could not insert his penis into her mouth, JUSTIN

7

CRANDALL attempted to place his penis inside the 17 month old child's vagina after he spat on his erect penis as well as the child's vagina for lubrication. JESSICA CRANDALL told the NYSP that JUSTIN CRANDALL was unable to place his penis inside of the 17 month old child's vagina because the child was clenching her legs in pain and discomfort.  JESSICA CRANDALL further told the NYSP that she watched these activities as they occurred and she masturbated as JUSTIN CRANDALL did these things to the 17 month old child.   JESSICA CRANDALL also told the NYSP that she watched JUSTIN CRANDALL as he masturbated and then ejaculated on the 17 month old child's stomach area.

(3)      JESSICA CRANDALL told the NYSP that on January 23, 2017, JUSTIN CRANDALL bound JESSICA's legs with a sheet and her hands with Velcro straps from his toolbox.   JESSICA CRANDALL also described how JUSTIN CRANDALL then also bound the 17 month old child's arms in the same fashion with Velcro, while she lay on the other side of their bed.  JESSICA CRANDALL confessed that she performed oral sexual contact on JUSTIN CRANDALL while he "moved back and forth" between the 17 month old child and JESSICA CRANDALL.  When JUSTIN CRANDALL moved toward the 17 month old child's position on the bed, JESSICA CRANDALL described how JUSTIN CRANDALL struck the child in the head with his erect penis on approximately three separate occasions before JUSTIN instructed JESSICA CRANDALL to suck on his erect penis until he climaxed.  JESSICA CRANDALL further described how after being untied, JESSICA CRANDALL went into the bathroom to clean herself up at JUSTIN CRANDALL'S request.  A short time later, JUSTIN CRANDALL

entered the bathroom carrying the 17 month old child and then placed the child in the bathtub.  JUSTIN CRANDALL then ordered JESSICA CRANDALL to clean up the 17 month old child and so JESSICA CRANDALL gave the child a bath.

(4)     JESSICA CRANDALL also told the NYSP that on February 6, 2017 she observed a flea or bug in the 17 month old child's hair so she placed mayonnaise in the child's hair as a home remedy.  JESSICA CRANDALL stated that JUSTIN CRANDALL took a spoonful of mayonnaise and threw it on the 17 month old child and directed JESSICA CRANDALL to rub mayonnaise over the child's body. While JESSICA CRANDALL was rubbing the mayonnaise on the child's body, JESSICA CRANDALL told the NYSP that she observed JUSTIN CRANDALL rubbing his penis over his clothes.  JESSICA CRANDALL stated that she believed JUSTIN CRANDALL was sexually aroused while watching JESSICA CRANDALL place mayonnaise on the child's body.  JESSICA CRANDALL observed JUSTIN CRANDALL take a digital photograph with his cellular telephone of the 17 month old child covered in mayonnaise.

(5)     JESSICA CRANDALL told the NYSP that also on February 6, 2017 JUSTIN CRANDALL performed oral sexual contact on her and then placed the 17 month old child's head in her vaginal area for a period of approximately thirty seconds to one minute.  JESSICA CRANDALL stated that she felt the child's nose touch her buttocks as JUSTIN CRANDALL pushed the child's face into JESSICA CRANDALL'S vagina.  JESSICA CRANDALL also stated that while the child's head was in her vaginal area, JUSTIN CRANDALL told her to look up and say

9

"cheese" as he took a digital photograph using his cellular telephone of the 17 month old child situated between JESSICA CRANDALL'S spread legs.

(6)     JESSICA CRANDALL told the NYSP that she knew the child sexual abuse of the 17 month old child was wrong.  JESSICA CRANDALL stated that she tried not to orgasm during the sexual activities involving the child.   JESSICA CRANDALL informed the NYSP that she allowed the child sexual abuse to occur because JUSTIN CRANDALL paid more sexual attention to her when the 17 month old child was involved in the sex.

(7)     In addition to the sexual abuse of the child, JESSICA CRANDALL told the NYSP that JUSTIN CRANDALL also engaged in physical abuse on some occasions.  During the first occasion, JESSICA CRANDALL stated that JUSTIN CRANDALL bit the child when she would not stop crying.  On the second occasion, JUSTIN CRANDALL pushed the child and she hit her chin on a stand in the bedroom of their residence.  JESSICA CRANDALL stated that the child developed a small bruise on her face.  JUSTIN CRANDALL told JESSICA CRANDALL take care of the bruise.  As a result, JESSICA CRANDALL placed cosmetic makeup on the child's face in order to conceal the extent of the injury. JESSICA CRANDALL and JUSTIN CRANDALL were concerned that the child's mother would locate the injury to the child's face and ask questions.

On or about February 8, 2017, JUSTIN CRANDALL, using the Samsung cellular telephone described above sent via text a sexually explicit image of the Victim to Witness1.  The image sent to Witness1 showed JUSTIN CRANDALL's erect, uncircumcised penis resting on the

face of the 17 month old Victim and where the Victim's hand was holding JUSTIN CRANDALL's penis.

The FBI recovered and retrieved from the Samsung cellular telephone utilized by the CRANDALLS this image that JUSTIN CRANDALL sent to Witness1 via a text.  The FBI also recovered and retrieved numerous additional text messages from the Samsung cellular telephone that JUSTIN CRANDALL used to communicate with Witness1.  JUSTIN CRANDALL texted Witness1 that he had a "little whore" he was in the process of training; that his wife babysat for the "little whore;" and that he was trying to get "her" to open her mouth and perform oral sexual contact on his penis.  JUSTIN CRANDALL also texted Witness1 that he had ejaculated on "her" face and had attempted vaginal sexual intercourse on "her."  JUSTIN CRANDALL further texted Witness1 that "she" was too tight to insert his penis all the way into "her" vagina but far enough to insert just the head of his penis into "her" vagina and ejaculate.  JUSTIN CRANDALL texted Witness1 that he was trying to "whore her out"----referring to the 17 month old Victim and asked Witness1 to locate a "creepy old man who might be into that kind of thing and has a bunch of money."

Penalties

As to each of counts 1, 2 and 5, the statutory minimum term of imprisonment is 15 years on each count and the statutory maximum term is 30 years imprisonment on each count, pursuant to 18 U.S.C. § 2251(e).  Thus, the statutory minimum term of imprisonment that the Court can impose on defendant is 15 years and the statutory maximum term that the Court can impose is 90 years imprisonment.  As for the U.S.S.G. provisions, defendant's total offense level is a 43 and her criminal history category is a III.  Defendant's guideline imprisonment range is therefore Life imprisonment.  However, as no count of conviction carries a potential life sentence and the

statutorily authorized maximum sentences are less than the maximum of the applicable guideline range, the U.S.S.G. range becomes 1,080 months (90 years), which is the combined length of the authorized statutory maximum sentences in this case.   Furthermore and pursuant to U.S.S.G. §5G1.2(d), if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

As to counts 1, 2, and 5, the Court shall impose a term of supervised release of at least five (5) years and may impose a term of up to Life, pursuant to 18 U.S.C. § 3583(k).

The PSR

The government agrees with all of the facts, information, and calculations as set forth in the Pre-sentence Investigation Report (PSR).   We have no objections to the report.   The government recommends that the Court adopt all of the facts, findings and calculations as set forth in the PSR.

Government's Sentencing Recommendation

Defendants JESSICA CRANDALL and JUSTIN CRANDALL sexually assaulted, sexually tortured, and sexually abused this 17 month old child on numerous occasions over a more than two month period of time.   Defendants JESSICA CRANDALL and JUSTIN CRANDALL repeatedly sexually abused this 17 month old child in a particularly egregious and heinous manner, as evidenced by the above descriptions of the videos and images.   Defendants JESSICA CRANDALL and JUSTIN CRANDALL specifically targeted and sexually tortured the most vulnerable of all victims in our society, that being, a very young child.   The 17 month old victim in this case was completely helpless to the repeated sexual assaults.   The sexual abuse of any child

is horrific and inhuman.   But the sexual abuse of a 17 month old child is beyond any comprehension and speaks loudly as to the inhumanity.  The victim impact statement, as attached to the PSR, sheds light on how greatly the victim and her family have suffered, continue to suffer, and will suffer well into the future.   This 17 month old victim suffered greatly physically, psychologically, and emotionally at the hands of defendants JESSICA CRANDALL and JUSTIN CRANDALL.  And this child will carry those scars with her for the rest of her life.

Defendants JESSICA CRANDALL and JUSTIN CRANDALL are equally culpable for the torture and sexual assaults of this 17 month old child.  The two defendants worked as a team in this horrific venture.  The continued and repeated assaults of this victim for more than two months could not have continued and progressed without the full participation of both JESSICA CRANDALL and JUSTIN CRANDALL individually.   Each defendant's role allowed for this horrific venture to continue and escalate for more than two months.

Based upon all of the facts, information, and evidence before this Court, the government recommends that the Court sentence defendant to 1080 months (90 years) imprisonment; a life term of supervised release; a forfeiture order; and a special assessment.  This sentence is fair and just taking into consideration all of the information and factors before the Court.

Request To File Over Page Limit Memorandum

The government hereby respectfully requests permission to file this over the page limit sentencing memorandum.  The length of this memorandum was over the page limit due to the extensive facts and evidence involved in this case.

GRANT C. JAQUITH
United States Attorney

*Miroslav Lovric*

_____        7/12/2018
Miroslav Lovric                                      _____
Assistant United States Attorney                Date
Bar Roll No. 301490

14

<u>CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM</u>

I hereby certify that on July 12, 2018, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case.  The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

*Miroslav Lovric*
Assistant U.S. Attorney

15